IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH SMITH, #108157            *
       Plaintiff,
     v.                                *    CIVIL ACTION NO. JFM-10-1520

MARTIN O'MALLEY, et al.       *
       Defendants.
                                           ***

## **MEMORANDUM**

Plaintiff is a Maryland Division of Correction ("DOC") inmate serving a life sentence for murder. He complaints that his removal from work release to medium security status due to a 1990's change of DOC regulation when taken into consideration with Maryland Parole Commission policy violated due process and, in particular, the *ex post facto* clause by creating "some speculative, attenuated risk" of affecting his term of confinement as it made it more difficult for him to attain parole. Plaintiff also claims that the acts of defendants have changed his life with possibility of parole sentence to a sentence of life without parole. He seeks declaratory and injunctive relief including reclassification back to work release.

Currently pending are defendants' motion to dismiss or, in the alternative, motion for summary judgment and plaintiff's opposition. ECF Nos. 13 & 15. The case may be determined on the responsive papers before the court. *See* Local Rule 105.6 (D. Md. 2010).

There is no dispute of fact that plaintiff is serving a life sentence imposed on a 1968 murder conviction. The gravamen of his complaint is that he had been assigned to work release, but was reclassified to higher security as a result of a change in DOC policy and has remained at that security status since that time. As acknowledged by defendants, in 1993 the DOC changed its classification

policies following a murder committed by a convicted murderer who was on work release. The policy prohibited "lifers" from participating in work release.

The exact *ex post facto* and due process issues affecting the aforementioned change were examined by this court in *Knox v. Lanham*, 895 F.Supp. 750 (D. Md. 2005).[1] The court held that the aforementioned policy change, which resulted in the DOC removing inmate "lifers" from work release or lesser status to medium security or higher, combined with the Commission's existing nonflexible policy of refusing to recommend parole unless inmates were on active work release (which required a lower security classification), constituted retroactive punishment in violation of the *ex post facto* clause. *Knox*, 895 F.Supp. at 756. The court also determined that the policy did not violate the inmates' rights under due process. *Id*. at 759.

Defendants note that since the decision in *Knox* the Commission has changed its policies and no longer requires inmates to progress to minimum security or to be on work release[2] before granting parole. In addition, in the case of inmates serving life for murder, the Commission may make a recommendation to the Governor that they be paroled.[3] ECF No. 13, Ex. A at Blumberg Decl. The Commission's decisions are based on wide-range factors such as: (1) the circumstances surrounding the crime; (2) the physical, mental, and moral qualifications of the inmate; (3) the progress of the

---

[1] Indeed, the language used by plaintiff in the body of his complaint is taken out of the court's opinion in *Knox*.

[2] Defendants assert that contrary to the allegations in the complaint, plaintiff was removed from work release not because of the aforementioned DOC policy change, but because he committed several rule violations. ECF No. 13, Ex. A at Blumberg Decl. & Commission letter   He was, however, not able to return to work release because of the policy change.

[3] Defendants state that in June of 2004, the Commission did make a recommendation to the Governor that plaintiff be paroled. Governor Ehrlich, however, exercised his discretion to deny outright parole in 2007. ECF No. 13, Ex., A.

inmate during confinement; (4) the reasonable probability that the inmate, if released on parole, will remain at liberty without violating the law; (5) whether the inmate's release is compatible with the welfare of society; (6) the contents of an updated victim's impact statement, (6) information presented by the victim at a meeting with the Commission; (7) testimony presented by the victim or the victim's designated representative as provided for under statute; and (8) any recommendation made by the judge at sentencing. *Id*.

Plaintiff's complaint shall be dismissed for a variety of reasons. The action he complains of occurred over seventeen years earlier, in 1993. He is late to the post on this issue and his action may be dismissed as time-barred. *See Burnett v. Grattan*, 468 U.S. 42 (1984); *Wilson v. Garcia*, 471 U.S. 261 (1985). In addition, because the Commission policy of which he complains no longer exists, his request for injunctive relief has been rendered moot. Finally, as this court has already ruled on the exact Fourteenth Amendment issues in *Knox*, plaintiff's claims are barred from review under the doctrine of *res judicata*.

For the aforementioned reasons, defendants' responsive filing, construed as a motion for summary judgment, shall be granted. Judgment shall be entered in favor of defendants and against plaintiff. A separate order follows.

Date: March 9, 2011   \_\_\_/s/_____
                                                  J. Frederick Motz
                                                  United States District Judge